JAY K. GOLDBERG [JG-1294]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X    17 CV
JEFFREY K. REED,

                        Plaintiff,    **COMPLAINT**

              - against -    **PLAINTIFF DEMANDS A TRIAL BY JURY**

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
POLICE OFFICER VIJAY SEETARAM, SHIELD 3094,
SUPERVISOR JOHN DOE, POLICE OFFICER RICHARD ROE,

                        Defendants.
------------------------------------------------------------------------X

## PARTIES, JURISDICTION and VENUE

1. Plaintiff, JEFFREY K. REED, is a 55 year old male, who, at all times relevant to this action, was a resident of New York.

2. Defendant PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("Port Authority") is a bi-state agency formed in 1921 to oversee transportation infrastructure in New York and New Jersey.  Included within its jurisdiction is the Port Authority Bus Terminal ("Bus Terminal"), located in Manhattan. The Port Authority maintains and is responsible for its own Port Authority Police Department ("PAPD").

3. Upon information and belief, Defendant POLICE OFFICER VIJAY SEETARAM, SHIELD 3094, was at all relevant times an officer with the PAPD and assigned to the Bus Terminal.  All actions by SEETARAM complained of herein were

1

taken in the course of his employment and under color of law.  SEETRAM is being sued in both his individual and official capacities.

4. Upon information and belief, Defendant SUPERVISOR JOHN DOE, a fictitious name of an unidentified person, was at all relevant times a supervising police officer with the PAPD assigned to the Bus Terminal. All actions by DOE complained of herein were taken in the course of his employment and under color of law.  DOE is being sued in both his individual and official capacities.

5. Upon information and belief, Defendants POLICE OFFICER RICHARD ROE, a fictitious name of an unidentified person, was at all relevant times a police officer with the PAPD.  All actions by ROE defendant complained of herein were taken in the course of his employment and under color of law.  ROE is being sued in both his individual and official capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

8. The instant action is commenced more than 60 days after the December 21, 2016 service of a Notice of Claim on the Port Authority, made pursuant to New York Unconsolidated Laws §7107.

9. The instant action is commenced within three years of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

10. On Sunday, March 13, 2016, at about 4:30 p.m., Plaintiff was at the Bus Terminal on Eighth Avenue in Manhattan.

11. Plaintiff entered an open public bathroom on the third level of the facility.

12. The urinals in the bathroom were separated by a partition which extended from approximately Plaintiff's shoulder to below his knee.

13. As Plaintiff walked to a urinal against the wall, he noticed two males, later learned to be SEETARAM and ROE, standing in the bathroom.

14. Before Plaintiff began to urinate, an unknown Hispanic male approached the urinal next to him.

15. Because this individual was mumbling to himself and appeared drunk, Plaintiff felt uncomfortable and went into a private stall to urinate.

16. Plaintiff subsequently exited the stall and the bathroom.

17. ROE approached Plaintiff, displayed a badge, and asked if Plaintiff knew why he was being stopped.

18. Plaintiff replied that he did not and was told by ROE that it was because he was masturbating at the urinal.

19. Plaintiff denied doing any such act and asked to speak with a supervisor.

20. Plaintiff was handcuffed and placed against a wall together with the unknown Hispanic male whom he had observed at the urinals.

21. Plaintiff was approached by DOE, who represented himself to be a supervisor.

22. DOE stated that "his men were trained" to make this type of arrest.

23. Plaintiff was held in custody for approximately four hours and released with a Desk Appearance Ticket.

24. On April 20, 2016 Plaintiff was arraigned in New York County Criminal

Court and pleaded not guilty to multiple charges including Public Lewdness, PL §245.00 and Exposure of a Person, PL §245.01 based upon the sworn complaint of SEETARAM.

25. Plaintiff refused all plea offers by the prosecution to dispose of the charges and insisted on a trial.

26. On October 18, 2016, after approximately four court appearances, all charges against Plaintiff were dismissed on the motion of the District Attorney.

27. As a result of the Defendants' actions, Plaintiff was deeply humiliated, and continues to suffer from mental anguish and emotional distress.

## FIRST CLAIM
(§1983 - FALSE ARREST)

28. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29. By arresting Plaintiff without probable cause, Defendants SEETARAM, DOE, and ROE, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, Defendants SEETARAM, DOE, and ROE, violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## SECOND CLAIM
(§1983 - MALICIOUS PROSECUTION)

31. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 of the Complaint as if incorporated and reiterated

herein.

32. By initiating and pursuing a criminal charge where there was no basis for such charge, SEETARAM, DOE, and ROE, individually and acting together, violated Plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution by engaging in a malicious prosecution of the Plaintiff.

33. By reason thereof, Defendants SEETARAM, DOE, and ROE, violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### THIRD CLAIM
(§1983 - MONELL LIABILITY)

34. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 of the Complaint as if incorporated and reiterated herein.

35. It is a pattern or practice of the PAPD and the Port Authority to allow and encourage its police officers to conduct sweep arrests for the crime of public lewdness and exposure of a person without probable cause.

36. These sweeps are conducted periodically and for a short time period during which numerous arrests are made, followed by extended periods where no such arrests are made.

37. The concentrated time frames for such arrests indicates that they are made pursuant to an implicit quota system, without regard to probable cause.

38. Further, the Port Authority and the PAPD have engaged and continue to engage in a course of conduct to target men, including Plaintiff, whom are perceived to

be gay and subjecting these men to discriminatory treatment in violation of the United States Constitution.

39.     The pattern or practice has led to false arrests and malicious prosecutions of those men, including Plaintiff, who have been unlawfully targeted.

40.     Cases brought against the Port Authority demonstrate the continuing and long term existence of such a policy or practice and include <u>Martinez v. The Port Authority of New York and New Jersey</u>, 01 CV 721 (SDNY) and the recently filed class action complaint in <u>Holden v. The Port Authority of New York and New Jersey</u>, 17 CV 2192 (SDNY) and the arrests and prosecutions referred to therein of men arrested at the Bus Terminal restrooms.

41.     Plaintiff reasonably believes that many additional cases of this nature exist which will be revealed through discovery.

42.     By reason thereof, the Defendant Port Authority violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish and the loss of his constitutional rights.

## FOURTH CLAIM
(STATE CLAIM - FALSE ARREST)

43.     Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 42 of the Complaint as if incorporated and reiterated herein.

44.     Plaintiff was unlawfully detained and arrested by Defendants SEETARAM, DOE, and ROE without probable cause.

45.     By reason thereof, and because Defendants SEETARAM, DOE, and ROE

acted within the scope of their duties as members of the PAPD, Defendant Port Authority is also liable under this claim based on a theory of *respondeat superior*.

46. By reason thereof, Defendants SEETARAM, DOE, ROE, and Port Authority caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## FIFTH CLAIM
### (STATE CLAIM - MALICIOUS PROSECUTION)

47. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 45 of the Complaint as if incorporated and reiterated herein.

48. By commencing a proceeding in the absence of probable cause and with actual malice, Defendants SEETARAM, DOE, and ROE intentionally engaged in a malicious prosecution of Plaintiff.

49. By reason thereof, Defendants SEETARAM, DOE, and ROE caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

50. By reason thereof, and because Defendants SEETARAM, DOE, and ROE acted within the scope of their duties as members of the PAPD, Defendant Port Authority is also liable under this claim based on a theory of *respondeat superior*.

51. By reason thereof, Defendants SEETARAM, DOE, ROE, and Port Authority caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

vii) Such other relief as the Court deems just and proper.

Dated:   New York, New York
April 6, 2017

Goldberg & Allen, LLP
Attorneys for Plaintiff

By:   *Jay K. Goldberg*

Jay K. Goldberg [JG-1294]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366